IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES R. WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-462 (RDA/JFA) |
| | ) |
| ERIC YANCEY, MD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

James R. Wood, a Virginia inmate, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that he has been denied adequate medical care while in the custody of the Virginia Department of Corrections at the Deerfield Correctional Center. [Dkt. No. 1]. He has also filed a Motion to Supplement Evidence and Facts and a Motion for a TRO. Because Plaintiff is a prisoner, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

I. Standard of Review

Pursuant to § 1915A, a court must dismiss claims based upon "an indisputably meritless legal theory," or where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief

---

[1] Section 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

may be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. The Complaint

Plaintiff's Complaint is a long 41-page narrative supplemented by well in excess of 250 pages of exhibits and attachments. The Complaint is in narrative form, names 21 defendants and additional unknown persons, and recounts Plaintiff's medical history going back more than four years. Plaintiff has set out six claims that center around the alleged inadequate care provided for his feet.

I. Violation of the Eight Amendment's Prohibition Against Cruel and Unusual Punishment. Plaintiff has not received adequate medical care for his "diagnosed chronic and painful podiatry needs and conditions including but not limited to flat feet, PTTD with Osteo Arthritis, right Foot, Hammertoe second Toe both feet, Callus with Fissure Injuries, pressure lesions of Great Right Toe." Named Defendants: Dr. Yancey; Clarke; Robinson, Williams, Ray, Herrick, Walter, Fuller, Reed, Stewart, Key, Dr. Harris, Dr. Addams, Shaw, Oat, DeBerry, Cosby, Dillman, Schnur, Deschenes. [Dkt. No. 1 at 24-29].

II. Violation of Substantive Due Process Clause of the Fourteenth Amendment because Defendants Yancey, Harris, Reed, Schnur, Stewart, Herrick, Adams, and Dillman refused to treat Plaintiff's "diagnosed chronic and painful podiatry serious medical needs." [*Id.* at 29-31].

III. Medical malpractice. Named Defendants: Yancey, Ray, Reed, Schnur, Stewart, Herrick, Adams, and Dillman. [*Id.* at 31-33].

IV. Negligence. Yancey, Harris, Ray, Reed, Schnur, Stewart, Herrick, Adams, and Dillman. [*Id.* at 33-34].

V. Conspiracy to Interfere with Civil Rights. Named Defendants: Yancey, Stewart, Ray, Reed, Reid, DeBerry, Schnur, Herrick, Key, and Deschenes. [*Id.* at 34-37].

VI. "Action to Prevent Conspiracy." Named Defendants: Clarke; Robinson, Williams, Ray, Reed, Cosby, Dillman, Schnur, Deschenes. [*Id.* at 37-39].

III. Analysis

Although district courts have a duty to construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless allege facts that state a cause of action. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (adding that the duty to construe *pro se* complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them," and that "[d]istrict judges are not mind readers"). Further, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the Complaint contains no "short and plain statement" of a claim, nor is it "concise and direct." The fact that Plaintiff numbered the paragraphs of his Complaint and also numbered his six claims

3

does not satisfy the requirements of Rule 8. His claims are largely conclusory and do not identify the acts or omissions of specific defendants on specific dates.

In addition to not complying with Rule 8, the Complaint has numerous deficiencies. First, to state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of the plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010).

A court is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122 (D. Md.1981) (court properly dismissed *pro se* complaint without prejudice that contained potentially viable claims under Federal Rule of Civil Procedure because the voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims and imposes a "burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"). Although district courts have a duty to construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless allege facts that state a cause of action. *Beaudett*, 775 F.2d at 1278 (adding that the duty to construe *pro se* complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them," and that "[d]istrict judges are not mind readers").

To the extent Plaintiff is attempting to allege an Eighth Amendment claim for lack of medical care, he must allege facts sufficient to show that officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Thus, Plaintiff must allege

4

two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. A serious medical need is one that poses a substantial risk of serious injury to an inmate's health and safety. *Young v. City of Mt. Ranier*, 238 F.3d 567, 576 (4th Cir. 2001). Second, he must allege deliberate indifference to that serious medical need and show each Defendant's knowledge of and involvement in the alleged violations of his constitutional rights.

Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, Plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." *Estelle*, 429 U.S. at 106; *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). The treatment an inmate receives from a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. A defendant must act with either actual intent or reckless disregard, meaning that the defendant disregarded "a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Id.* at 851-52. Further, deliberate indifference is a "higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Estelle*, 429 U.S. at 106).

Here, the several hundred pages of exhibits indicate that Plaintiff was seen on numerous occasions by medical personnel with regard to his feet. His chief grievance centers around not

being provided orthotics. Although one doctor recommended the orthotics, they were not approved because Plaintiff had refused to adjust his diet in order to lose weight. Plaintiff was told on September 19, 2019 that due to his morbid obesity, providing him with orthotics would be futile "without prior sustained weight loss." [Dkt. No. 1 at 13]. In short, he has been provided medical advice on how to treat the problems with his feet that requires that he lose weight. If he does not lose weight, according to the medical professionals. the recommended orthotics will not be effective. He disagrees with the course of his treatment, but that is insufficient to state a claim.

Regarding "substantive due process,"

> [i]n order to state a claim for a substantive due process violation under § 1983 a plaintiff must show that the defendant's conduct "shocks the conscience." *Cruden v. Brinkley*, 175 F.3d 1013, 1999 U.S. App. LEXIS 4819, *8-9, No. 98-1224 (4th Cir. March 22, 1999) (quoting *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 723 (4th Cir. 1991)). In other words, the Plaintiff must show that the Defendant's conduct amounted to "a brutal and inhumane abuse of official power [that is] literally shocking to the conscience." *Temkin*, *supra*, 945 F.2d at 720 (internal quotation marks omitted). Indeed, the protections of due process run only to state action that is so very arbitrary and irrational as to be unjustified by circumstance or governmental interest. *Rucker v. Harford County*, 946 F.2d 278, 281 (4th Cir. 1991).

*Davis v. Bacigalupi*, 711 F. Supp. 2d 609, 620 (E.D. Va. 2010). The Fourth Circuit has emphasized that the protections of substantive due process extend only to "state action so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies." *Rucker v. Harford Cty.*, 946 F.2d 278, 281 (4th Cir. 1991) (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).

Plaintiff has not established a claim of deliberate indifference, much less acts or omissions that rise to the level of a substantive due process violation. *Cf. Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992) ("the Due Process Clause 'does not purport to supplant traditional tort

law in laying down rules of conduct to regulate liability for injuries that attend living together in society'" (quoting *Daniels*, 474 U.S. at 332)).

Plaintiff has also failed to establish a conspiracy of any sort.

> To establish such a conspiracy, a plaintiff must show that defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in . . . deprivation of a constitutional right." *Hinkle v. Wilson*, 81 F.3d 416, 421 (4th Cir. 1996) (citing *Hafner v. Brown*, 983 F.2d 570, 577 (4th Cir. 1992)). In other words, plaintiffs must at least be able to show a deprivation of a constitutional right as a result of the alleged conspiracy. This is because "the gist of the cause of action is the deprivation and not the conspiracy." *Lesser v. Braniff Airways, Inc.*, 518 F.2d 538, 540 n.2 (7th Cir. 1975).

Here, as noted above, Plaintiff has not established with any clarity what specific acts or omission violated his constitutional right to adequate medical care, and that the records he has provided indicate that he has refused to abide by the course of treatment recommended by his doctor.

Plaintiff also does not provide any specific dates as to when he alleges his rights were violated. There is no federal statute of limitations for § 1983 claims, so the state limitations period that governs personal injury actions applies. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991) (citing Virginia Code § 8.01-243(A)). A § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

Because Plaintiff is a prisoner, and proceeding *pro se,* he will be allowed leave to amend. The amended complaint shall separately number each claim that Plaintiff seeks to raise by letter or number. Each subsequent claim shall be designated by the appropriate letter or number. Each designated claim shall provide a statement of the claim, and in that statement, Plaintiff shall identify the federal right he alleges has been violated. Thereafter, Plaintiff will name the defendants

associated with each claim, and provide the facts associated with the claim. In setting forth the specifics and facts of his claim, Plaintiff should use the defendants' names rather than a generic designation of "defendants" or staff, which would assist in clarifying the matter and allow a defendant to respond. The facts must include dates as to when matters occurred. The factual allegations should be set forth in numbered paragraphs for ease of reference. Plaintiff must identify the acts or omissions by each defendant that he believes gives rise to liability.

In setting forth the facts in his amended complaint, Plaintiff should refrain from presenting arguments and editorializing, as that would undermine the Court's ability to comprehend the nature of the claim Plaintiff attempts to present. If Plaintiff wishes to discuss case law or argue matters, he is free to file a separate brief or memorandum in support. Plaintiff is expressly advised that the amended complaint supersedes the original complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (as a general rule an amended complaint supersedes "the original, the latter being treated thereafter as non-existent" (citation omitted)).[2]

IV. Standard for Temporary Restraining Order

"Because a preliminary injunction affords temporary relief *before trial* of the type that can be granted permanently *after trial*, it is an 'extraordinary remedy' and may be granted only 'upon a clear showing that the plaintiff is entitled to such relief.'" *Accident, Injury & Rehab., PC v. Azar*, 943 F.3d 195, 201 (4th Cir. 2019) (quoting *Winter v. Nat. Resources Del Council, Inc.*, 555 U.S. 7 (2008)). Thus, a litigant seeking preliminary injunctive relief must establish four conditions before his requested relief may be granted: (1) that he is likely to succeed on the merits; (2) that

---

[2] Plaintiff does not need to refile any exhibits he has already filed and can simply refer to the exhibits in his amended complaint as he did on his original Complaint. With regard to the additional exhibits he filed on July 10, 2023, Dkt. No. 8, he can refer to those exhibits in the amended complaint as well. If he does not refer to the exhibits in Dkt. No. 8 with a specific reference in his amended complaint, the Court will not consider them as properly filed. Accordingly, the motion to supplement is DISMISSED as moot.

he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. "[C]ourts considering whether to impose preliminary injunctions must separately consider each *Winter* factor." *Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir. 2013). The plaintiff bears the burden of establishing that the court should grant a preliminary injunction. *See Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997).

Here, despite the length of his pleading and the hundreds of pages of exhibits, Plaintiff has not stated a sufficient claim that his constitutional rights have been violated. While he may succeed in formulating a claim in his amended complaint, it is not the Court's role to construct claims for him. *See Holsey*, 90 F.R.D. 1 at 123 (it is not a court's "burden . . . to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors); *see also Beaudett*, 775 F.2d at 1278 (a district court is not an "advocate" for any party and the duty to construe *pro se* complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them," and that "[d]istrict judges are not mind readers"). Plaintiff therefore is not likely to succeed on the merits. This failing alone is dispositive of his motion.

Accordingly, it is hereby ORDERED that the Complaint be and is conditionally filed pending compliance with the requirements of this Memorandum Opinion and Order; and it is

FURTHER ORDERED that Plaintiff's Motion to Supplement Evidence/and Facts [Dkt. No. 8] is DENIED as MOOT; and it is

FURTHER ORDERED that Plaintiff's Motion for Emergency Injunction Relief [Dkt. No. 9] is DENIED; and it is

FURTHER ORDERED that Plaintiff particularize and amend his Complaint in an amended complaint within thirty (30) days of the date of this Memorandum Opinion and Order using the

enclosed standardized § 1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identifying each claim he seeks to raise by letter or number, (iii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought, (iv) and curing the deficiencies noted herein. The amended complaint must comply with the rules on joinder. Plaintiff must reallege all the facts from his original Complaint in his amended complaint and he must include his civil action number, No. 1:23-cv-462 (RDA/JFA), on the first page of his amended complaint. Plaintiff is advised that this amended complaint will serve as the sole complaint in this civil action; and it is

FURTHER ORDERED that Plaintiff's failure to comply with any part of this Memorandum Opinion and Order within thirty (30) days from its entry, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this Complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Memorandum Opinion and Order and a § 1983 form to Plaintiff, who is proceeding *pro se*.

Entered this 14th day of July 2023.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge