IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| James R. Wood, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | )     Case No.1:23cv462 (RDA/JFA) |
| Eric Yancey, MD, *et al.*, <br>     Defendants. | ) <br> ) <br> ) |

**MEMORANDUM OPINION and ORDER**

James R. Wood, a Virginia inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that he has been denied adequate medical care while in the custody of the Virginia Department of Corrections at the Deerfield Correctional Center. Dkt. No. 1. The Court screened the complaint, noted deficiencies, and granted Plaintiff leave to amend. Dkt. No. 10. He filed an amend complaint on October 16, 2023. Dkt. No. 14-1. Because the Plaintiff is a prisoner, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

I. Standard of Review

Pursuant to § 1915A, a court must dismiss claims based upon "an indisputably meritless legal theory," or where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp.

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

417, 427 (E.D. Va. 1992) (internal quotation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. Amended Complaint

The amended complaint names 13 Defendants and alleges each was involved in the alleged deliberate indifference to the medical care for Plaintiff's feet. Plaintiff's apparent theories of liability for several Defendants are diverse—respondeat superior, supervisor responsibility, answering complaints and grievances, and inadequate medical care.

Plaintiff's attempts to allege liability on the part of several of the Defendants are insufficient. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct *committed by a person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, his amended complaint is mostly conclusory and does not establish that the alleged violations of his rights resulted from the actions of any of the Defendants.

Claims against a defendant that are based solely on the defendant's position as a supervisor fails under the doctrine of respondeat superior,[2] which is generally inapplicable to § 1983 lawsuits. *Baker v. Lyles*, 904 F.2d 925, 929 (4th Cir. 1990) ("The doctrine of respondeat superior generally does not apply to § 1983 suits." (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 n.58 (1978))); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section" (citation omitted)). A public administrator "may be liable in their individual capacities only for their personal wrongdoing or supervisory actions that violated constitutional norms." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). As further noted in *Evans v. Chalmers*, 703 F.3d 636, 660-61 (4th Cir. 2013), *Iqbal* explained "that 'a supervisor's mere knowledge' that his subordinates are engaged in unconstitutional conduct is insufficient to give rise to liability; instead, *a supervisor can only be held liable for 'his or her own misconduct.'" Id.* at 660-61 (emphasis added) (quoting *Iqbal*, 556 U.S. at 677); *see also King v. Rubenstein*, 825 F.3d 206, 224 (4th Cir. 2016).

---

[2] "Respondeat Superior means '[l]et the master answer.' This theory suggests that a 'master' is liable in certain cases as a principle for the wrongful acts of his servants." *Zehring v. Sorber*, No. CV 20-3195, 2024 WL 233217, at *18 (E.D. Pa. Jan. 22, 2024) (quoting Black's Law Dictionary (10th ed. 2014)).

> Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior; but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury. *See Slakan [v. Porter]*, 737 F.2d [368,] 372 [(4th Cir. 1984)]. The plaintiff "not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must also show that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" *Slakan*, 737 F.2d at 373 (quotation omitted). It is insufficient merely to show deliberate indifference to a serious medical need on the part of the subordinate physicians. *See Boyce [v. Alizaduh]*, 595 F.2d 948 [(4th Cir. 1979)] (no supervisory liability despite potential deliberate indifference claim against subordinate physicians).

*Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990).

To prevail on a claim for supervisory liability, a plaintiff must satisfy the so-called "*Shaw* elements":

> (1) that the supervisor had actual or constructive knowledge that [his] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw*, 13 F.3d at 799). Correctional officials (such as Defendants Clarke, Robinson, Williams, and Oates), however, may defer to the medical judgment and treatment decisions of trained medical personnel. *See, e.g., Iko v. Shreve*, 535 F.3d 225, 242 (4th Cir. 2008) (where "a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands" (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004))); *see also Miltier*, 896 F.2d at 854 (denying supervisory liability claims where non-medical supervisory staff may rely upon expertise of trained medical providers).

4

Here, Plaintiff has not shown that Defendants Clarke, Robinson, Williams, and Oates—each of whom is a non-medical administrator—had any involvement in any decision regarding Plaintiff's medical treatment or care.

In addition, to the extent that Plaintiff is relying on a Defendant's response to a grievance, "[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge*, 550 F.2d at 928. Consequently, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (simply "[r]uling against a prisoner does not cause or contribute to the [constitutional] violation"); *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) ("The 'denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.'" (citation omitted)). Here, liability for Defendants Stewart, Schnur, and Ray is premised upon their responses to Plaintiff's "grievances" and complaints.[3]

Of the remaining six Defendants, Adams, Marrano, Sharma, Harris, and Yancey are medical personnel (the "medical Defendants") and Herrick is an administrator.[4]

---

[3] Plaintiff admits in his amended complaint that Defendants Stewart and Schnur are the persons who "were responsible to responding to his complaints and grievances" about his foot care. Dkt. No. 14-1 at 16. He further admits that Defendant Ray was a "nursing supervisor" he met with to discuss his complaints. *Id.*

[4] Defendant Marrano was not named in the original complaint, and none of the unnamed persons were designated as a "NP" (nurse practioner). It is also unclear what authority Defendant Herrick has regarding medical decisions. Plaintiff alleges Herrick is a doctor and that Herrick has the authority to order he be provided with the "boots and orthotics" he was denied. *See Flournoy v. Schomig*, 418 F. App'x 528, 531-32 (7th Cir. 2011) (if a defendant did not have the authority to act, "[t]he most that can be said is that [the defendant] 'did nothing, when she might have gone beyond the requirements of her job,' which is insufficient to show deliberate indifference." (citing *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *George*, 507 F.3d at 609-10)). As with the medical defendants, Plaintiff does not link Herrick with any actions that constitute deliberate indifference. *See infra* at 7-8.

III. Analysis

Although district courts have a duty to construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless allege facts that state a cause of action. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (adding that the duty to construe *pro se* complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them," and that "[d]istrict judges are not mind readers"). Further, in addition to the inadequacies discussed above, the amended complaint does not comply with the requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." Here, the claims in the amended complaint are largely conclusory, and do not identify the acts or omissions of specific Defendants that constitute deliberate indifference. *See West*, 487 U.S. at 48.

A court is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122 (D. Md.1981). A district court's duty to construe *pro se* pleadings liberally, does not alleviate a *pro se* plaintiff of his duty to allege facts that state a cause of action. *Beaudett*, 775 F.2d at 1278 (adding that the duty to construe *pro se* complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them," and that "[d]istrict judges are not mind readers").

To the extent Plaintiff is attempting to allege an Eighth Amendment claim for lack of medical care, he must allege facts sufficient to show that officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Thus, Plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. A serious medical need is one that poses a substantial risk of

serious injury to an inmate's health and safety. *Young v. City of Mt. Ranier*, 238 F.3d 567, 576 (4th Cir. 2001). Second, he must allege deliberate indifference to that serious medical need and show each Defendants' knowledge of and involvement in the alleged violations of Plaintiff's constitutional rights.

Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, Plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." *Estelle*, 429 U.S. at 106; *Miltier*, 896 F.2d at 851. A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). The treatment an inmate receives from a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. A defendant must act with either actual intent or reckless disregard, meaning that the defendant disregarded "a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Id.* at 851-52. Further, deliberate indifference is a "higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Estelle*, 429 U.S. at 106). However, even officials who acted with deliberate indifference may be "free from liability if they responded reasonably to the risk." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994).

Plaintiff's allegations imply that delay of, or interference with, medical treatment may be a part of his grievances, and such matters can amount to deliberate indifference. *See Formica v. Aylor*, 739 F. App'x 745, 755 (4th Cir. 2018). However, there is no Eighth Amendment violation

unless "the delay *results* in some substantial harm to the patient," such as a 'marked' exacerbation of the prisoner's medical condition or "frequent complaints of severe pain." *See Webb v. Hamidullah*, 281 F. App'x 159, 166-67 (4th Cir. 2008) (emphasis added); *see also Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (internal quotation marks omitted)).

*Formica*, 739 F. App'x at 755 (4th Cir. 2018). Substantial harm may also be "'a lifelong handicap or permanent loss.'" *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting *Monmouth Co. Corr. Inst. Inmate v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). "[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Here, Plaintiff has set out many factual allegations, but he does not link the factual allegations in a manner that establishes deliberate indifference. Instead of making the necessary factual allegations, he expects this Court to construct his claims. For example, he alleges that, "as seen through [Wood's] extensive medical records," the medical Defendants "did not provide [Plaintiff] with proper, timely, and adequate medical care for [his] feet and ankle conditions." Dkt. 14-1 at 14-15. The amended complaint should lay out and cite to the specific page of any document upon which Plaintiff is relying to establish what it is he "sees" in his "extensive medical records."

Plaintiff's conclusory assertions continue with his allegations that each of the medical Defendants denied him the orthotic boots, orthotic inserts, or ankle supports and offered him no treatment for his obesity. Plaintiff's factual allegations, however, admit that Defendant Adams requested orthotics; Defendant Marrano checked on his boots and orthotics; Defendant Harris "ordered his boots, but was overruled administratively, and that Defendant Yancey "approved" the request for orthotic boots. With regard to Defendant Sharma, there are no allegations he did anything other than order x-rays, and then request a referral for Plaintiff to see an orthopedic specialist. In short, the amended complaint refutes its own allegations.

8

Plaintiff's conclusory manner of pleading is also evident in his allegations that the medical Defendants' actions "constitute deliberate indifference to [Wood's] serious foot problems for not providing proper, timely, and adequate medical services." *Id.* at 5, 6. Again, the alleged actions that constitute deliberate indifference are not identified. As noted, Defendant Sharma's "actions" do not constitute deliberate indifference. The length of Plaintiff's pleading notwithstanding, his allegations are conclusory in nature and the Court is not his advocate.

The requirement of liberal construction does not mean that the Court can ignore a deficient amended complaint. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) ("[t]he "special judicial solicitude" with which a [court] should view such *pro se* complaints does not transform the court into an advocate"); *see Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not 'assume the role of advocate for the *pro se* litigant,'" and "may 'not rewrite'" a *pro se* parties pleadings); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("While the courts liberally construe *pro se* pleadings as a matter of course, judges are not also required to construct a party's legal arguments for him" or "divine" what the plaintiff is trying to achieve or say (citation omitted)).

Because Plaintiff is a prisoner, he will be allowed leave to amend. The second amended complaint shall separately number each claim that Plaintiff seeks to raise by letter or number. Each subsequent claim shall be designated by the appropriate letter or number. Each designated claim shall provide a statement of the claim and included in that statement Plaintiff shall identify the federal right he alleges has been violated. Thereafter, Plaintiff will name the defendant or defendants associated with each claim, and provide the facts associated with the claim—including the acts or omissions that he alleges establish each defendant's deliberate indifference. In setting forth the specifics and facts of his claim, Plaintiff should use the defendants' names rather than a

generic designation of "defendants" or staff, which would assist in clarifying the matter and allow a defendant to respond. The facts must include dates as to when matters occurred. The factual allegations should be set forth in numbered paragraphs for ease of reference. Plaintiff is expressly advised that the second amended complaint supersedes the original complaint and first amended complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (as a general rule an amended complaint supersedes "the original, the latter being treated thereafter as non-existent." (citation omitted)).[5]

Here, despite the length of his pleading and the hundreds of pages of exhibits, Plaintiff has not stated a sufficient claim that his constitutional rights have been violated. While he may succeed in formulating a claim in his amended complaint, it is not the Court's role to construct claims for him. *See Holsey*, 90 F.R.D. at 123 (it is not court's "burden . . . to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors); *see also Beaudett*, 775 F.2d at 1278 (a district court is not an "advocate" for any party and the duty to construe *pro se* complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them," and that "[d]istrict judges are not mind readers"). Plaintiff therefore is not likely to succeed on the merits. This failing alone requires denial of his motion.

Accordingly, it is hereby ORDERED that Defendants Clarke, Robinson, Williams, Oates, Stewart, Schnur, and Ray are DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Plaintiff particularize and amend his first amended complaint in a second amended complaint within thirty (30) days of the date of this Order using the enclosed

---

[5] Plaintiff does not need to refile any exhibits he has already filed and can simply refer to the exhibits in his second amended complaint. Plaintiff, however, must refer to a specific exhibit, and if it is a multi-page exhibit, he must refer to the specific page. Rule 8(a) requires that a complaint "be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the nature of the plaintiff's claim, which should be "an intelligent story . . . that a court can follow without untoward effort." *Jennings*, 910 F.2d at 1436.

standardized § 1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identifying each claim he seeks to raise by letter or number, (iii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought, and (iv) curing the deficiencies noted herein. The amended complaint must comply with the rules on joinder. Plaintiff must reallege all the facts from his original and first amended complaint in this second amended complaint and he must include his civil action number, No. 1:23cv462 (RDA/JFA), on the first page of his second amended complaint. Plaintiff is advised that this second amended complaint will serve as the sole complaint in this civil action; and it is

FURTHER ORDERED that Plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to Plaintiff.

Entered this __14th__ day of __February__ 2024.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

INSTRUCTIONS FOR FILING COMPLAINT BY PRISONER UNDER
CIVIL RIGHTS ACT, 42 U.S.C. § 1983

1. This complaint must be legibly handwritten or typewritten and signed by the plaintiff. Any false statement of material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. In order for this complaint to be filed, it must be accompanied by the **filing fee of $350.00** 28. U.S.C. § 1914(a) and a **$50.00 administrative fee.** If you do not have the necessary filing fee, you may request permission to proceed *in forma pauperis*. Please complete the enclosed affidavit setting forth information establishing your inability to prepay the fees and costs.

3. When these forms are complete, they must be mailed to the Clerk of the United States District Court for the Eastern District of Virginia. The address is listed below:

   United States District Court
   Eastern District of Virginia
   401 Courthouse Square
   Alexandria, VA 22314

4. Complaints that do not conform to these instructions will be returned with a notation as to the deficiency.

5. ALL COPIES OF THE COMPLAINT MUST BE IDENTICAL. DO NOT MAIL THE FORMS TO A SPECIFIC JUDGE.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

Action Number
(To be supplied by the Clerk, U.S. District Court)

Please fill out this complaint form completely. The Court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

I. PARTIES

A. Plaintiff:

1. (a) _____  (b) _____
      (Name)                            (Inmate number)

   (c) _____
      (Address)

   _____

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

**Plaintiff is advised that only persons acting under the color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens, and sheriffs are not liable under Section 1983 when a claim against them rests solely on the fact that they supervise persons who may have violated your rights. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.**

B. Defendant(s):

1. (a) _____  (b) _____
      (Name)                            (Title/Job Description)

   (c) _____
      (Address)

   _____

2.   (a) _____   (b) _____
         (Name)                          (Title/Job Description)

     (c) _____
         (Address)

         _____


3.   (a) _____   (b) _____
         (Name)                          (Title/Job Description)

     (c) _____
         (Address)

         _____


If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

**Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve the complaint. If plaintiff does not provide a physical address for a defendant, that person may be dismissed as a party to this action.**

II.   **PREVIOUS LAWSUITS**

A.   Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?   Yes [  ]   No [  ]

B.   If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or closed, in the space below. If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.

   1.   Parties to previous lawsuit:

   Plaintiff(s) _____

   Defendant(s) _____

   _____

   2.   Court (if federal court, name the district; if state court, name the county):

   _____

   3.   Date lawsuit filed: _____

   4.   Docket number: _____

5. Name of Judge to whom case was assigned:_____

_____

6. Disposition (Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?) :

_____

_____

III. **GRIEVANCE PROCEDURE**

A. At what institution did the events concerning your current complaint take place:

_____

B. Does the institution listed in "A" have a grievance procedure? Yes [   ] No [   ]

C. If your answer to "B" is Yes:

1. Did you file a grievance based on this complaint? Yes [   ] No [   ]

2. If so, where and when:_____

3. What was the result?_____

_____

4. Did you appeal? Yes [   ] No [   ]

5. Result of appeal:_____

_____

D. If there was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [   ] No [   ]

If your answer is Yes, what steps did you take? _____

_____

E. If your answer is No, explain why you did not submit your complaint to the prison authorities:

_____

_____

IV.  **STATEMENT OF THE CLAIM**

State here the facts of your case.  Describe how each defendant is involved and how you were harmed by their action.  Also include the dates, places of events, and constitutional amendments you allege were violated.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets if necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## V. RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _____ (please initial)

The plaintiff wants the Court to: (check those remedies you seek)

_____ Award money damages in the amount of $_____

_____ Grant injunctive relief by_____

_____ Other_____

## VI. PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

_____

_____

_____

## VII. CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge:** Yes [   ]   No [   ]. You may consent at any time; however, an early consent is encouraged.

## VIII. SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this _____ day of _____, 20_____.

Plaintiff_____