IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| James R. Wood,<br>  Plaintiff, | )<br>)<br>) |
| v. | )   No. 1:23cv462 (RDA/JFA) |
| | ) |
| Eric Yancey, MD, *et al.*,<br>  Defendants. | )<br>) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion Requesting Appointment of Counsel, Dkt. 57, and his "Motion to Supplement Defendants and Order for State Inspector General" to Investigate. Dkt. 58. For the reasons stated below, his motions will be denied.

**I. Plaintiff's Motion for Appointment of Counsel**

"A *pro se* prisoner does not have a general right to counsel in a [Section] 1983 action." *Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017) (citation omitted). Further, this Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and, to qualify, an indigent claimant must present "exceptional circumstances." *See id.* Exceptional circumstances exist where a "*pro se* litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). At this point in this litigation, Plaintiff has demonstrated that he is familiar with the Federal Rules of Civil Procedure, how to organize facts and claims into a coherent amended complaint, that he can comply with the orders of the Court, and he understands the basics of discovery.

The only matter presently pending before the Court is a motion to dismiss, which presents a question of the sufficiency of the facts to state a claim against one of the five defendants. Plaintiff has already submitted a copy of a letter with his original complaint upon which he has based his

allegations, which he obtained, in part, through the efforts of his wife who is not incarcerated. Plaintiff not only has some assistance outside the correctional center in which he is detained, but he admits that he has the assistance of other more learned inmates. Further, Plaintiff obtained copies of his medical records and the related grievance records and has submitted over 200 pages of documents related to his claims. In short, he has demonstrated the ability to conduct his litigation.[1] Plaintiff has also submitted an eleven-page response to the pending motion to dismiss in which he has organized the response to set forth his alleged relevant facts and contains a legal argument section that contains case citations to both published an unpublished authority. Dkt. 47. Thus, the court finds no exceptional circumstances as Plaintiff thus far has shown that he is able to present his claim to the Court. Accordingly, his motion will be denied without prejudice.

## II.   Motion to Supplement and Order for State Inspector General to Investigate Claims and Evidence

Plaintiff's motion seeks to supplement his Second Amended Complaint ("SAC") pursuant to Rule 15(d) ("Motion to Supplement"), and Plaintiff further seeks the entry of an order directing the State Inspector General to investigate ("Motion to Investigate") his allegations in the supplemental complaint. The Court will take each of these arguments one at a time. In sum, Plaintiff's motions are meritless and will be denied.

---

[1] The Court further notes that Plaintiff has filed several other civil actions over the time between the present and when he filed the instant action: *Wood v. Clarke et al.*, No. 1:24cv404; *Wood v. Herrick, MD, MSHA, et al.*, No. 1:24cv673; *Wood v. Brown, et al.*, No. 1:24cv1036; *Wood v. Oats et al.*, No. 1:25cv183; *Wood v. Harris, MD et al.*, No. 1:25cv184; *Wood v. Langford et al.*, No. 1:25cv185; and *Wood v. Houston, et al.*, No. 1:25cv242.

### A. Motion to Investigate

Plaintiff's Motion to Investigate seeks the entry of an order directing a state official to act and investigate his allegations, which is the nature of mandamus.[2] It is well settled, however, that a district court does not have jurisdiction to grant mandamus relief against state officials. *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). "The federal courts have no general power to compel action by state officials." *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (collecting cases). Accordingly, Plaintiff's request for an order directing the State Inspector General to investigate will be denied.

### B. Motion to Supplement ("MS")

Plaintiff's Motion to Supplement specifically notes that Plaintiff is attempting to supplement his pleadings under Federal Rule of Civil Procedure 15(d).

The Fourth Circuit has held that supplemental pleadings are

> a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears.

*New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963). In considering a Rule 15(d) motion to supplement, "leave should be freely granted, and should be denied only where 'good reason exists . . . such as prejudice to the defendants.'" *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002) (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (internal quotation and citation omitted)). Motions to amend or supplement "should generally be

---

[2] *National Wildlife Federation v. United States*, 626 F.2d 917, 918 (D.C. Cir. 1980) ("An action purportedly requesting a mandatory injunction against a federal official is analyzed as one requesting mandamus."). "Federal mandamus is, of course, available only 'to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff.'" *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2d Cir. 1973) (quoting 28 U.S.C. § 1361)).

denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

As expressly stated in Rule 15(d), "Rule 15(d) plainly permits supplemental amendments to cover *events happening after suit*, and it follows, of course, that persons participating *these new events* may be added if necessary." *Griffin v. County School Board*, 377 U.S. 218, 226 (1964) (emphasis added). "A supplemental pleading under Rule 15(d) presents more *recent events*. Rule 15(d) thus promotes a complete adjudication of the dispute between the parties." *Garrett v. Wexford Health*, 938 F.3d 69, 82-83 (3d Cir. 2019) (emphasis added) (citing *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981)). The Motion to Supplement confuses the purposes of Rule 15(a) (which allows for amendment of factual allegations that occurred before any pleadings were filed) and Rule 15(d). Plaintiff's Motion to Supplement is almost entirely focused on matters that occurred before he filed his original complaint ("OC") on April 6, 2023.

"Under Rule 15(d), the filing of a supplemental pleading is not available to the pleader as a matter of right but, rather, is subject to the court's discretion." *United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 6 (1st Cir. 2015). A supplemental pleading is a tool of "judicial economy and convenience," *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988), which serves to "avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted," *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963). To evaluate Plaintiff's Motion to Supplement, a review of the case is required to determine what was alleged, previous amendments, and whether the events in the MS occurred after the original complaint was filed.

4

*1. Procedural History.*

Plaintiff's 41-page OC, Dkt. 1, included approximately 235 pages of exhibits and attachments. Dkts. 1-2 through 1-5. The OC named 21 defendants and unknown persons and set out six claims, all of which concerned the alleged inadequate care that the Defendants had provided for Plaintiff's feet/ankles.

The Court screened the complaint on July 14, 2023, noted deficiencies, and allowed Plaintiff to file an amended complaint. Dkt. 10. He filed an amend complaint, the First Amended Complaint ("FAC") on October 16, 2023. Dkt. 14-1. The Court screened the FAC, noted deficiencies, and granted Plaintiff leave to amend a second time. Dkt. 15. Plaintiff filed his Second Amended Complaint ("SAC"), the operative complaint, on April 19, 2024. Dkt. 19. The SAC was 28 pages, relied on the previously filed exhibits, and named six defendants: Harris, Marinos, Sharma, Herrick, Yancy, and Adams. Each of the six defendants named in the SAC had been designated defendants in the OC. The SAC was filed and served. Dkt. 22. Defendants Harris, Marinos, Sharma, and Herrick have appeared by counsel in this matter; Yancey has been served and it is the Court's assumption that he is currently proceeding *pro se*; and the summons issued for Adams was returned unexecuted on April 1, 2025. Dkt. 60. Defendant Herrick filled a motion to dismiss on November 22, 2024, Plaintiff responded, Dkts. 46, 47. Plaintiff then filed the motions addressed herein.

*2. Plaintiff's Allegations*

The SAC covers the time period from roughly April 2019 through October 2022, and includes detailed facts concerning the treatment Plaintiff received for his feet and ankles, and discusses each of the six defendants' alleged involvement in his treatment and their alleged acts or omission. Dkt. 19 at 7-13. While most of the facts alleged in the Motion to Supplement are similar

5

to the statement of facts in the SAC, the Motion to Supplement also includes a new claim regarding the use of alternative pain medication for hammer toe surgery in November 2024, *id.* at ¶¶ 71-73 (hereinafter "new claim"), and the new claim involves four brand new defendants (Rolen, Sherril, Puryear, and Sox) (hereinafter the "New Defendants"). The Motion to Supplement also attempts to add 20 new defendants to the litigation—many of whom have been previously dismissed because Plaintiff failed to allege sufficient facts to state a claim against them, or he failed to designate them as defendants in either the OC or SAC.[3] Specifically, nine of the twenty were listed as defendants in the OC. The remaining eleven defendants identified in the Motion to Supplement were not designated as defendants in the OC dated March 10, 2023, or in the SAC, which was filed over one year later.

The New Defendants are referenced with respect to Plaintiff's new claim and are alleged to have violated Plaintiff's rights because they failed "to prevent and remedy constitutional violations within their control," and they conspired to "delay" and "prolong[] his pain and suffering" because Plaintiff was given an alternative pain killer instead of the Oxycodone prescribed by the surgeon. Dkt. 58 at 27, 28. These New Defendants came into the narrative after

---

[3] Plaintiff argues that all of the Defendants named in his Motion to Supplement are properly joined in this suit. Plaintiff alleges that all actions taken by Defendants violating his stemmed from their actions of failing to provide or delaying medical care or services and/or conspiring with others once they were notified that he was not getting proper medical care. Dkt. 58 ¶101. As Defendants point out, however, Plaintiff's joinder argument is a conclusory argument. Plaintiff has provided no explanation as to why he seeks to drop the six named parties in the SAC and replace them with 20 defendants that he knew about previously. Any such joinder of new parties/defendants would be within the discretion of this Court. *See Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) (motions to add parties by amending a complaint, to are reviewed under the standards that apply to a motion under Rule 15(a)). As noted *infra*, the Motion to Supplement will prejudice the named defendants, who will need to determine if Plaintiff has abandoned his claims against them. And, as discussed *infra*, the only "new" aspect set out in the Motion to Supplement against the four new defendants fails to state a claim and Plaintiff was aware of the deficiencies of any such claim before he filed the Motion. Accordingly, this Court will reject Plaintiff's joinder argument.

Plaintiff's November 4, 2024 surgery to correct "hammertoe" on his right foot. The claim concerns medication for pain—the surgeon ordered 5mg of Oxycodone for pain, but Plaintiff's pain medication was switched upon his return to the VDOC. Dkt. 59 at 7. Plaintiff filed an emergency grievance on November 6, 2024, because "Medical Staff" refused to provide him with the Oxycodone. One of the New Defendants (Rolen) responded to the grievance informing him that "medications are prescribed at provider discretion," and that he should submit a sick call request. Dkt. 58 at 15. Plaintiff then filed a written complaint on November 6, 2024, to which Rolen responded to his complaint stating that the medication recommendation had been "reviewed," alternative medications were ordered for "30 days," and noted Plaintiff had a follow-up visit scheduled for November 18, 2024. Dkt. 59 at 14. Plaintiff filed a regular grievance on November 22, 2024, regarding the failure to provide Oxycodone, to which another New Defendant (Puryear) responded that after Plaintiff's return from surgery "orders were obtained for alternative pain medication." Puryear signed and issued the response concluding the grievance was "unfounded." Dkt. 58 at 27.[4] Another New Defendant (Sox) issued the Level II response that upheld the determination the grievance was unfounded. *Id.* at 27-28; Dkt. 59 at 19. The Level II response also indicated that intiff was prescribed "1000mg of Tylenol twice daily as needed and 600mg of Ibuprofen twice daily as needed after surgery" and that Plaintiff "refused the PM dose of Tylenol on 11/4" *Id.* Plaintiff alleges the New Defendants conspired to delay his "treatment," and also alleges that the New Defendants failed "to prevent and remedy constitutional violations within their control." *Id.* at 28.

*3. Plaintiff's Prior Allegations Renewed*

---

[4] Plaintiff alleges that New Defendant Sherrill responded to his grievance, but the Level I response indicates that Puryear signed the form and that Sherrill merely "generated" the report. Dkt. 59 at 18.

7

It is readily apparent to this Court that paragraphs 27-70 of the Motion to Supplement concern matters that pre-date the filing of the OC, and they did not occur after the original and amended complaints were filed. The plain language of Rule 15(d) states that a supplemental pleading is limited to an "event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The date of the OC is, at the earliest, March 10, 2023. Dkt. 1 at 5. The only events set out in the MS that occur after March 10, 2023, are those involving the new defendants and the new claim that allegedly occurred on or about November 2024. Dkt. 58 at ¶¶ 71-74.

Most of the alleged facts in the Motion to Supplement, Dkt. 58 at ¶¶ 24-70, concern events that took place prior to Plaintiff filing the OC; additionally, most of those events also took place before Plaintiff filed the SAC. In all of these previously asserted allegations and facts, Plaintiff had the information and and/or possessed the same documents relied upon throughout the Motion to Supplement when he filed the OC, two years before filing the instant Motion to Supplement. And as discussed supra, the Motion to Supplement then concludes with four paragraphs about Plaintiff's November 2024 complaint regarding an alternative pain reliever being substituted for Oxycodone. It is evident that Plaintiff's Motion to Supplement is simply a revised version of his OC in which he has substituted new defendants in place of the ones named in his SAC.

In addition to the bad faith evident from the Motion to Supplement's near twin like resemblance to the OC, and the fact that the April 6, 2023 document submission that sets forth the persons involved in Plaintiff's medical care that he chose not to name as defendants in his SAC, the served defendants will incur substantial prejudice if Plaintiff is allowed to Supplement his complaints as requested. Particularly, the served defendants are prejudiced by having to sort through, and as they aptly describe it, a 42-page long pleading that "is confusing in both form and substance." Dkt. 62 at 5. After sorting through Plaintiff's "new" pleading, the served defendants

would then have to consider the meritless new theories of conspiracy and fraud that Plaintiff raises for the first time in his Motion to Supplement. Dkt. 58 at 39-40.

In addition to prejudice and bad faith, although delay alone does not support the denial of a motion for leave to amend, *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1044 (4th Cir. 1984), the further a case has progressed, "the more likely it is that a court will find bad faith on the plaintiffs part." *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439-40 (4th Cir. 2011). It has taken over two years for this case to progress to its current stage (dispositive motions), and the Motion to Supplement would require steps backward because the Motion to Supplement would need to be screened, and then, if found meritorious, multiple new defendants would need to served. Accordingly, combined with the prejudice and bad faith shown above, delay provides an additional ground to deny Plaintiff's Motion.

### 4. Plaintiff's New Claim against the New Defendants

Plaintiff alleges in the Motion to Supplement, for the firs time, that he filed a written complaint, DCC-24-WRI-02665, that complained "the Medical Staff were refusing to give him the ordered OXYCODONE for his pain from having surgery on 11/4/24." *Id.* at ¶ 71. New Defendant Rolen responded to the complaint. *Id.* Plaintiff then allegedly submitted a regular grievance, No. "DCC-24-REG-00512, stating the same as the written complaint." *Id.* New Defendant Sherrill generated the Level I response, stating that "an investigation into his complaint . . . indicates that [the] recommendation from [the] off-site provider [was] received and [is] approved at the onsite provider's discretion. Upon return from surgery orders were obtained for alternative pain medications. . . . I find your grievance unfounded." *Id.* Plaintiff appealed to Defendant Sox for the Level II review who responded that "the Level I response of Unfounded will be upheld." *Id.*

9

Courts have routinely held that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) ("The denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under [Section] 1983."). In short, Plaintiff's new claim fails to state a claim upon which relief can be granted, does not relate to the deliberate indifference claims set forth in the SAC, and any amendment would be futile. Plaintiff was advised of this very point of law by the Court when it screened the FAC and dismissed some previous defendants because Plaintiff was relying on each defendants' response to a grievance as the basis of their liability. Dkt. 15. Reasserting this meritless claim again constitutes bad faith. Further, such a claim is dilatory in that it requires the defendants and the court to address an issue that Plaintiff has already been warned about and knows has no merit.

Additionally, as stated *supra*, supplementing the SAC with a new claim and new defendants would unnecessarily further delay this civil action, which is now well more than two years old. Further, Plaintiff offers no explanation as to why he has waited more than two years since he filed his OC to add new defendants. Thus, delay provides another reason why the Court will deny Plaintiff's Motion to Supplement with regard to the new claim he raises.

Further, upon screening by this Court, Plaintiff's new claim involving pain medication fails to state a claim. This provides an additional reason why Plaintiff's Motion will be denied.

### III. Conclusion

Accordingly, for the reasons stated herein, it is hereby

**ORDERED** that Plaintiff's Motion Requesting for the Appointment of Counsel, Dkt. No. 57, is **DENIED WITHOUT PREJUDICE**; and it is

10

**FURTHER ORDERED** that Plaintiff's Motion to Supplement Defendants and Order for State Inspector General to Investigate, Dkt. 58, is **DENIED**.

The Clerk is to send a copy of this Order to Plaintiff, all counsel of record, and to Defendant Eric Yancey, MD, *pro se*.

Entered this **27** day of August, 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge