IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| James R. Wood,<br>Plaintiff, | )<br>) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-462 (RDA/JFA) |
| | ) | |
| Eric Yancey, MD, *et al.*,<br>Defendants. | )<br>) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court regarding service issues involving Defendants Eric Yancey, MD and Antinette D. Adams, MD. Defendant Yancey, via a special appearance, by counsel, has moved to be dismissed "pursuant to Fed. R. Civ. P. 4(c) and (e) as well as 12(b)(2) and 12(b)(5) . . . due to lack of personal jurisdiction over him and insufficiency of process." Dkt. No. 74 at 1. In addition, there have been numerous failed attempts to serve Defendant Adams at the addresses provided by Wood.[1]

On November 12, 2025, the Court advised Wood, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that Defendant Yancey had filed a motion to dismiss and that he was entitled to file a response opposing the motion to dismiss by filing counter-affidavits, statements, exhibits or other legal or factual material that supports his position in the case. Dkt. Nos. 75. On December 29, 2025, Wood moved for a summons to be issued for Defendant Yancey. Dkt. No. 77. On March 11, 2026, a summons was issued for Defendant Yancey, Dkt. Nos. 87, 88, and it was returned unexecuted on April 29, 2026. Dkt. No. 92. On May 26, 2026, Wood moved for another summons to be issued for Defendant Yancey. Dkt. No. 101. On June 17, 2026, another

[1] Wood was released from incarceration on April 1, 2026. Dkt. No. 91.

summons was issued for Defendant Yancey, Dkt. Nos. 104, 105, and it was executed on June 29, 2026. Dkt. No. 117. *See Gregory v. United States Bankruptcy Court*, 942 F.2d 1498, 1500 (10th Cir. 1991) ( "[t]he general rule' is that '"when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'") (quoting *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) (citation omitted)). As Defendant Yancey has been served, his motion to dismiss is moot will be dismissed.

On August 14, 2024, Defendant Adams was sent a Notice of Lawsuit and Request for Waiver of Service of Summons ("Notice") at the address provided by Wood, Dkt. No. 22 at 1, which was returned on August 26, 2024, stamped "Return to Sender, Not Deliverable as Addressed, Unable to Forward." Dkt. No. 23. On March 13, 2025, a summons for Defendant Adams, via the U.S. Marshall's Service ("USMS"), was sent to the same address. Dkt. 55, 56. The summons was returned unexecuted on April 1, 2025, and annotated, "address is incorrect, 137 Baker Street Emporia, VA. 23847 is a hair salon, Adams Comprehensive Foot Care went out of business." Dkt. 60 at 1. On August 22, 2025, Wood was directed to show-cause why Defendant Adams should not be dismissed without prejudice for lack of service and warned Wood that if Defendant Adams was not otherwise served within 90 days she would be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Dkt. No. 64 at 19. On October 17, 2025, Wood submitted an address for Defendant Adams, Dkt. No. 68, a summons was issued, Dkt. Nos. 81, 82, and subsequently returned unexecuted on February 20, 2026. Dkt. No. 109. On July 14, 2026, the Court issued a second show-cause order and provided Wood twenty-one days to provide an address for Defendant Adams, or she would be dismissed without prejudice. Wood filed a "Motion to Correct Misnomer and Update Defendant Contact Information," seeking

issuance of a summons to "Antoinette A. Ralph," alleging Ralph was Adams. Dkt. No. 113.[2] On July 22, 2026, the motion was denied, without prejudice, because Wood did not provide any basis or foundation for the allegation that Adams and Ralph were the same persons. Dkt. No.114. Despite several opportunities and his release from confinement more than five months ago, Wood has failed to provide the Court an appropriate address at which to serve Defendant Adams. Defendant Adams will be dismissed without prejudice.

Accordingly, it is hereby

ORDERED that Defendant Yancey's Motion to Dismiss, Dkt. No. 73, is DISMISSED; and it is

FURTHER ORDERED that Defendant Yancey either file a motion for summary judgment or other dispositive motion within thirty (30) days of the date of this Order, or file a response that expressly declines to do so; and it is

FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 4(m), the claims against Defendant Adams are DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to send a copy of this Order to Plaintiff and to all counsel of record.

Entered this 25 day of August, 2026.

Alexandria, Virginia

/s/

Rossie D. Alston, Jr.
United States District Judge

---

[2] Under 28 U.S.C. § 1915(d), a court is required to assist *pro se* litigants with service of process, however, the plaintiff bears the burden of identifying an address where service can properly be made. *See Skaggs v. Clark*, 2015 WL 269154, at *3 (S.D. W. Va. January 21,2015). Here, the Court's efforts at perfecting service were unsuccessful. Further, it is not the Court's responsibility to provide the appropriate address for serving a defendant. *See Metcalf v. GEO Grp., Inc.*, 2021 WL 1400115, *1-2 (E.D. Va. Mar. 23, 2021).